UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

December 15, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Theresa S. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 25-0094-DRM

Dear Counsel:

On January 10, 2025, Plaintiff Theresa S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 14, 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income Benefits ("SSI") on April 28, 2021, alleging a disability onset of January 1, 2010. Tr. 17. Plaintiff's claims were denied initially and on reconsideration. Tr. 17. On November 30, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35-57. Following the hearing, on December 27, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-33. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Carolyn Colvin, the Acting Commissioner of Social Security on January 10, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Theresa S. v. Frank Bisignano*
Civil No. 25-0094-DRM
December 15, 2025
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since April 28, 2021, the application date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "arthritis of the right knee, status-post fracture and surgery to the left leg, allergies, and obesity." Tr. 19. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except she can sit or stand for alternating between a sitting and standing position every 30 minutes. She cannot climb ladders, ropes, or scaffolds, and cannot push, pull, or operate foot controls with the left lower extremity. She must avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, and poor ventilation. She should avoid hazards, including moving machinery and unprotected heights. She would be off-task for 5 percent of the workday.

Tr. 23-26. The ALJ determined that Plaintiff did not have any past relevant work but could perform jobs that existed in significant numbers in the national economy, such as marker, routing clerk, and mail clerk. Tr. 26-27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the

*Theresa S. v. Frank Bisignano*
Civil No. 25-0094-DRM
December 15, 2025
Page 3

evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.     ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion of examining psychologist Tyler Calabrese, Psy.D. Plaintiff contends that the ALJ rejected Dr. Calabrese's assessment of marked mental limitations without adequately addressing the required supportability and consistency factors, and without recontacting the examiner or obtaining a new consultative examination despite questioning the validity of the testing. Plaintiff further asserts that this error was prejudicial because it resulted in the vocational expert not being able to consider the marked mental limitations at step five.

In response, the Commissioner contends that the ALJ's decision should be affirmed because it applied the correct legal standards and is supported by substantial evidence. The Commissioner contends that the ALJ adequately evaluated Dr. Calabrese's opinion under the supportability and consistency framework, reasonably finding it unpersuasive in light of largely normal mental status findings, conservative treatment, and Plaintiff's reported daily activities. The Commissioner further argues that the ALJ was not required to recontact Dr. Calabrese or obtain a new consultative examination, and that any conflicting evidence was properly resolved by the ALJ under the deferential substantial-evidence standard. Plaintiff responds that the Commissioner mischaracterizes her argument, which is based on legal error rather than a request to reweigh the evidence. Plaintiff argues that the ALJ failed to comply with 20 C.F.R. § 416.920c by not adequately explaining the supportability and consistency of Dr. Calabrese's opinion, and that cases cited by the Commissioner do not excuse noncompliance with the regulations. Plaintiff further maintains that the error was prejudicial because the vocational expert was not asked to consider the marked mental limitations assessed by Dr. Calabrese, and therefore remand is required.

"[S]upportability and consistency are the most important factors [ALJs] consider when [they] determine how persuasive [they find] a medical source's medical opinion ... to be." 20 C.F.R. § 404.1520c(b)(2). ALJs are required to "explain how [they] considered" those two factors when evaluating a medical source's medical opinion. *Id.* "Supportability" means the "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion(s)[.]" § 404.1520c(c)(1). "Strictly speaking, 'supportability' concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *3 (D. Md. May 5, 2023). The "more relevant" the evidence and explanations "presented by a medical source are to support his or her medical opinion(s), the more persuasive" those opinions will be. *Id.* "Consistency" compares the medical opinion to other relevant evidence in the claimant's record. § 404.1520c(c)(2). "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the [record], the more persuasive the medical opinion(s) . . . will be." *Id.* Supportability and consistency "must be considered

*Theresa S. v. Frank Bisignano*
Civil No. 25-0094-DRM
December 15, 2025
Page 4

independently[.]" *Carlos F.* 2023 WL 3293086, at *3 (D. Md. May 5, 2023). *See also Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors."). ALJs "may, but [generally] are not required to, explain how [they] considered" other regulatory factors, such as the source's medical specialty, familiarity with the record, or treating relationship with the claimant. § 404.1520c(b)(3).

Here, the ALJ found unpersuasive Dr. Calabrese's October 3, 2022, opinion assessing "marked limitations in social functioning, concentration and task persistence, and ability to adapt to work-related stresses and demands." Tr. 21; *see* Tr. 530. The ALJ found that Dr. Calabrese's assessment of "significant dysfunction" was "not supported by the evidence as a whole" and was inconsistent with the remaining record, the nature of Plaintiff's treatment, and her activities of daily living. Tr. 21. The ALJ further noted that other providers documented normal behavior and unremarkable mental status examinations, which she found inconsistent with the marked limitations assessed by Dr. Calabrese. Tr. 21. In addition, the ALJ cited Plaintiff's reported daily activities, including using the internet, driving, caring for her grandchildren, and managing her finances, as further support for finding the opinion unpersuasive. Tr. 21. Finally, the ALJ observed that Dr. Calabrese reported an abnormally low test score on the Mini-Mental State Examination (MMSE) and indicated that, although Plaintiff's distraught disposition may have affected the result, she also appeared to exert limited effort during testing. *Id.* The ALJ did not include in the RFC any limitations related to social functioning, concentration and task persistence, or adaptability to work-related stresses and demands. *See* Tr. 23.[3]

The ALJ adequately articulated her evaluation of Dr. Calabrese's opinion under the consistency factor of 20 C.F.R. § 416.920c(2) by providing specific citations to "other providers['] report[s] [of] normal behavior and unremarkable mental status examinations, inconsistent with marked limitations" elsewhere in the record, as well as record evidence of the Plaintiff's abilities to engage in various activities in her daily life. Tr. 21.

Remand is required, however, because the ALJ did not adequately articulate her evaluation under the supportability factor of 20 C.F.R. § 416.920c(1). The ALJ's only discussion of Dr. Calabrese's opinion touching on supportability is a reference, without further analysis, to Dr. Calabrese's comments regarding the effects that Plaintiff's distraught disposition and her apparent low testing effort might have had on her MMSE score. Tr. 21. But the ALJ did not suggest that Dr. Calabrese failed to incorporate these considerations when interpreting the MMSE score as a component of his evaluation, nor did she point to any evidence of such a failure.

Moreover, the ALJ did not articulate any deficiency in Dr. Calabrese's behavioral observations; nor in his taking and evaluating Plaintiff's behavioral health, academic, employment, developmental, family & social, substance abuse, and legal history; nor in his review of Plaintiff's activities of daily living. *See* Tr. 528-30. Said another way, the ALJ failed to discuss how the

---

[3] The ALJ based the RFC's 5% time off-task limitation on Plaintiff's use of a cane and reports of pain, rather than any mental impairment. Tr. 25.

*Theresa S. v. Frank Bisignano*
Civil No. 25-0094-DRM
December 15, 2025
Page 5

objective medical evidence, diagnostic techniques, or data collection procedures underlying Dr. Calabrese's opinion led to her conclusion that the opinion was unpersuasive. This cursory analysis does not build a logical bridge between the evidence and the ALJ's conclusions and frustrates meaningful judicial review. On remand, the ALJ should explicitly and independently assess the supportability of Dr. Calabrese's October 3, 2021, medical source statement pursuant to 20 C.F.R. § 404.1520c(c)(1).

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge